**HON. BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | NO. 2:23-cv-00587-BJR |
| Plaintiff, | **ORDER GRANTING MOTION TO STAY THE ESTATE OF DMYTRO PRONIN'S RESPONSE TO UNITED FINANCIAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

UNITED FINANCIAL CASUALTY
COMPANY,

               Plaintiff,

    v.

AMAN EXPEDITE, LLC; VITALI
KONKO; the ESTATE OF DMYTRO
PRONIN; MALIK TRUCKS LLC; and
MALIK KOSSUNOV

               Defendants,

AND

CHAD HORNER, as Administrator or the
Estate of Dmytro Pronin,

            Crossclaim & Third-Party
Plaintiff,

    v.

AMAN EXPEDITE LLC; and VITALII
KONKO,

            Crossclaim Defendants,

AND

DAIMLER TRUCKS NORTH AMERICA,
LLC; SELECTRANSPORTATION
RESOURCES (D/B/A HOUSTON
FREIGHTLINER); PITREMODELING
INC; RALF AND TRANSPORTATION
INC; PETRO FEDELESH; MALIK
TRUCKS LLC; MALIK KOSSUNOV; and
FORCE TRANS INC,

            Third-Party Defendants.

## I.     INTRODUCTION

Plaintiff United Financial Casualty Company ("United Financial") instituted this lawsuit in April 2023 seeking a declaratory judgment that it does not owe defense or indemnity coverage obligations to Aman Expedite, LLC ("Aman Expedite"), Malik Kossunov ("Kossunov"), Malik Trucks LLC ("Malik Trucks"), Vitali Konko ("Konko"), or the Estate of Dmytro Pronin ("the Estate") for potential claims arising from an October 1, 2022 motor vehicle accident that result in Mr. Pronin's death. Dkt. No. 1. In April 2024, United Financial filed a motion for summary judgment regarding the same. Dkt. No. 74. Currently before the Court is the Estate's motion to stay its response to the summary judgment motion pursuant to Fed. R. Civ. P. 56(d)(1), which United Financial opposes. Dkt. Nos. 98 and 114. Having reviewed the motion, response, and reply thereto as well as the record of the case and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.     PROCEDURAL HISTORY

This case has an unusually complicated procedural history that the Court will briefly summarize below because it is relevant to the outcome of the instant motion to stay. After filing this lawsuit, United Financial properly served Aman Expedite and Konko with the required pleadings and Konko timely filed an answer to the complaint. However, Aman Expedite failed to respond to the complaint so United Financial filed a motion for default judgment against the company, which was granted on June 26, 2023. Dkt. Nos. 9, 10, and 12.

On June 29, 2023, United Financial sought permission from this Court to serve the Estate of Dmytro Pronin by publication in Seattle and Denver, which this Court

granted on July 3, 2023. Dkt. Nos. 16 and 18. On September 1, 2023, the Estate entered a

notice of appearance, answered the complaint, and filed crossclaims and a third-party

complaint against Malik Kossunov ("Kossunov"), Aman Expedite, Malik Trucks LLC

("Malik Trucks"), Petro Fedelesh ("Fedelesh"), PITRemodeling, and Ralf &

Transportation. Dkt. No. 26. Thereafter, on September 25, 2023, Aman Expedite entered

a notice of appearance and United Financial agreed to move the Court to set aside the

default judgment previously entered against Aman Expedite, which this Court granted.

Dkt. Nos. 28, 62, and 65.

On January 24, 2024, the Estate requested that this Court modify the case

management schedule so that the parties could inspect the truck involved in the accident

and the Estate could determine whether to amend its third-party complaint. Dkt. No. 67.

The Court granted the unopposed motion, ordered that the inspection occur on or before

March 1, 2024, instructed the Estate to amend the third-party complaint or notify the

Court of its intent to not amend the third-party complaint on or before May 10, 2024, and

ordered the parties to submit a revised Joint Status Report and Discovery Plan within

thirty days after the Estate's notice or motion was filed. Dkt. No. 68. The Court vacated

all other case management dates. The Estate filed an amended third-party complaint on

April 29, 2024, adding Daimler Trucks North America LLC ("Daimler Trucks"),

SelectTransportation Resources ("SelectTransportation"), and Force Trans Inc ("Force

Trans") as third-party defendants. Dkt. No. 78.

On April 25, 2024, Financial United filed a motion for summary judgment against

the Estate, Aman Expedite, Kossunov, Malik Trucks, and Konko. Dkt. No. 74.

Thereafter, given the recent addition of the new parties to this lawsuit, the Court granted

the parties' joint motion to extend the deadline within which to file the revised Joint Status Report and Discovery Plan to July 24, 2024. Dkt. No. 93.

On June 5, 2024, the Estate filed the instant motion to stay its response to United Financial's summary judgment motion, arguing that the motion is premature because the parties have not yet begun meaningful discovery. Dkt. No. 98.

### III.    FACTUAL BACKGROUND

On October 1, 2022, Vitali Konko and Dmytro Pronin were transporting a load of goods while driving a freightliner owned by Aman Expedite. Konko was driving the freightliner on Highway 70 in Silverton, Colorado, when he collided with another commercial vehicle. The collision resulted in the death of Pronin who was in the sleeper cab of the freightliner at the time of the crash.

United Financial had previously issued a policy of insurance to Aman Expedite with a policy period of May 23, 2022 to May 23, 2023 (the Policy"). Konko and Pronin were both listed as rated drivers on the Policy and the freightliner was listed as a covered auto on the Policy. It is United Financial's position that any claims arising out of the accident are not covered by the Policy because the Policy excludes coverage for bodily injury if it is caused by an Aman Expedite employee and the injury occurred during the course and scope of that employee's employment.

The Estate counters that the claims against Aman Expedite, Konko, and certain other parties arising out of the accident are covered by the Policy because Pronin and Konko were not employees of Aman Expedite at the time of the accident but were independent contractors. Thus, the parties agree that this lawsuit "turns on whether Mr.

Konko and Mr. Pronin were considered employees while working for Aman Expedite." Dkt. No. 74 at 12.

## IV.   DISCUSSION

The Estate urges this Court to stay the Estate's deadline to respond to United Financial's summary judgment motion and defer ruling on the motion pursuant to Fed. R. Civ. P. 56(d) until after the parties have had an opportunity to conduct discovery.

### A.   Legal Standard

Summary judgment should be entered "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, the Federal Rules of Civil Procedure permit a court to defer or deny a summary judgment motion to allow time to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. Pro. 56(d); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (Fed. R. Civ. P. 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence"). Relief under Fed. R. Civ. P. 56(d) should be freely given where warranted. *See Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) ("Although Rule 56[(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'").

**B.**        **Analysis**

As stated above, United Financial and the Estate agree that the critical issue with respect to whether there is coverage under the Policy with respect to the accident is whether Pronin was an employee or an independent contractor. The Estate alleges that this is a fact-intensive inquiry concerning, among other things, the extent of control Aman Expedite exerted over Pronin, the amount of training and/or supervision, if any, the company provided Pronin, whether the parties believed they were creating an employer/employee relationship, and whether Pronin worked exclusively for Aman Expedite. The Estate also alleges that questions exist as to whether Pronin was on duty when the accident occurred.

The Estate points out that it is unable to obtain this information from Pronin because he is deceased, or his family who does not reside in the United States. It also alleges that it has attempted to gain this information from Aman Expedite and Konko but "because of language barriers and other issues, it is clear that formal discovery is needed for these parties to disclose documents and give testimony." Dkt. No. 98 at 4. Lastly, the Estate points out that the facts cited by United Financial in support of the summary judgment motion are unsworn recorded statement that its agents took immediately after the accident and the reliability and accuracy of which is questionable.

United Financial counters that the Estate "had ample time to conduct discovery and failed to perform any investigation into the issues it asserts are necessary to respond to" the motion for summary judgment. Dkt. No, 114. United Financial points out that it filed the summary judgment motion just over a year after it filed this lawsuit, which was ample time within which the Estate could have conducted discovery.

United Financial's argument is misplaced. First, as set forth above, this case has a long and complicated procedural history. In fact, for many months after filing the lawsuit, United Financial was unable to locate anyone to accept service for the Estate. It was only after this Court granted United Financial permission to complete service by publication in both Seattle and Denver that the Estate filed a notice of appearance—almost five months after the lawsuit was filed. And the issues related to service were not limited to the Estate as United Financial obtained and then voluntarily withdrew a default judgment against Aman Expedite. Second, formal discovery has not yet begun in this case. Indeed, the parties have not yet conferred as required by Fed. R. Civ. P. 26(f), made their initial disclosures pursuant to Rule 26(a)(1), or the revised Joint Status Report and Discovery Plan (which is not due until July 24, 2024). Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f) (with limited exceptions not applicable here). Lastly, United Financial admits that even it does not have access to the discovery it needs. *See* Dkt. No. 74 at 3-4 (stating that the insurance company has repeatedly requested that Aman Expedite provide it access to Pronin's personnel/employee file among other materials, but the documents have not been provided).

In short, while this matter has not proceeded in the timeliest manner, the delay been for legitimate reasons. The matter is finally in a procedural posture where meaningful discovery can begin, and the Estate is entitled proceed accordingly. Therefore, the Court will grant the Estate's motion to stay its response to United Financial's motion for summary judgment and defer ruling on the motion until discovery in this matter is complete.

1

## V.    CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS the Estate's motion to stay response to United Financial's motion for summary judgment until after discovery in this matter is complete. The parties shall include a proposed briefing schedule for the motion in the revised Joint Status Report and Discovery Plan that they file on July 24, 2024.

Dated this 11th day of July 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge