HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMAN EXPEDITE, LLC; VITALII KONKO; the ESTATE OF DMYTRO PRONIN; MALIK TRUCKS LLC; and MALIK KOSSUNOV<br>                      Defendants,<br><br>AND<br><br>CHAD HORNER, as Administrator or the Estate of Dmytro Pronin,<br>             Crossclaim & Third-Party Plaintiff,<br><br>    v.<br><br>AMAN EXPEDITE LLC; and VITALII KONKO,<br>             Crossclaim Defendants,<br><br>AND<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC; SELECTRANSPORTATION RESOURCES (D/B/A HOUSTON FREIGHTLINER); PITREMODELING INC; RALF AND TRANSPORTATION INC; PETRO FEDELESH; MALIK TRUCKS LLC; MALIK KOSSUNOV; and FORCE TRANS INC,<br><br>             Third-Party Defendants. | NO. 2:23-cv-00587-BJR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST AMAN EXPEDITE, LLC, MALIK KOSSUNOV, MALIK TRUCKS LLC, AND VITALII KONKO** |

I.      INTRODUCTION

Plaintiff United Financial Casualty Company ("United Financial") filed this lawsuit seeking a declaratory judgment that it does not owe defense or indemnity coverage obligations to Aman Expedite, LLC ("Aman Expedite"), Malik Kossunov, Malik Trucks LLC ("Malik Trucks"), Vitalii Konko, or the Estate of Dmytro Pronin ("the Estate") for claims arising from a motor vehicle accident in which Mr. Pronin died. Dkt. No. 1. Currently before the Court is United Financial's motion for summary judgment. Dkt. No. 74. Aman Expedite, Mr. Kossunov, Malik Trucks, and Mr. Konko (collectively "Defendants") oppose the motion.[1] Dkt. No. 99. Having reviewed the motion, opposition, and reply thereto as well as the record of the case and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

II.     PROCEDURAL AND FACTUAL BACKGROUND

On October 1, 2022, Vitalii Konko and Dmytro Pronin were transporting a load of goods for Aman Expedite in a freightliner owned by Malik Trucks. Both Aman Expedite and Malik Trucks are owned by Mr. Kossunov. Mr. Konko was driving the freightliner on Highway 70 in Silverton, Colorado, when he collided with another commercial vehicle. Mr. Pronin, who was in the sleeper cab of the freightliner at the time of the crash, died in the accident.

United Financial had previously issued a policy of insurance to Aman Expedite with a policy period of May 23, 2022 to May 23, 2023 that covers claims for bodily injury arising out of accidents involving the freightliner that Mr. Konko was driving (the

---

[1] The Court previously granted the Estate's motion to stay its response to the summary judgment motion pending completion of discovery. *See* Dkt. No. 128.

Policy"). Aman Expedite filed a claim with United Financial on the day of the accident and two days later, on October 3, 2022, the insurer obtained a recorded statement from Mr. Kossunov. The insurer then obtained a recorded statement from Mr. Konko on October 4. Defendants allege that both Mr. Kossunov and Mr. Konko, who are recent immigrants to the United States, struggled to understand the agent's questions during the interviews. On October 10, United Financial issued a reservation of rights letter to Aman Expedite that detailed potential coverage issues and indicated that the insurer was continuing to investigate the incident. On October 13, United Financial obtained a second recorded statement from Mr. Kossunov and on November 10, the insurer issued a supplemental reservation of rights letter to Aman Expedite. United Financial claims that it repeatedly requested personnel files and employment information for both Mr. Konko and Mr. Ponin from Aman Expedite but has yet to receive any information.

On April 18, 2023, United Financial filed the instant lawsuit seeking a declaratory judgment that it does not owe liability or defense coverage to Defendants for claims arising from the October 1, 2022 accident. After granting the insurer's request to serve the Estate by publication in newspapers in both Seattle, Washington and Denver, Colorado, the Estate finally appeared and filed its answer on September 1, 2023. The Estate also asserted crossclaims against Aman Expedite and Mr. Konko, and a third-party complaint against Mr. Kossunov and Malik Trucks, among others. On January 3, 2024, United Financial amended its complaint to name Mr. Kossunov and Malik Trucks as additional defendants. It also issued a reservation of rights letter to Mr. Kossunov and Malik Trucks and assigned defense counsel to defend the Defendants against the crossclaims and third-party complaint asserted by the Estate.

### III. STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV. DISCUSSION

As stated above, United Financial moves this Court for summary judgment, arguing that it owes no defense or indemnity coverage to Aman Expedite because such coverage is excluded by three exclusions within the Policy: the Workers Compensation Exclusion, the Employers Liability Exclusion, and the Contractual Liability Exclusion. The parties agree for purposes of this motion that for any one of these Policy exclusions to apply, Mr. Konko and Mr. Pronin had to be employees of Aman Expedite at the time of the accident. Thus, the parties agree that this "matter turns on whether Mr. Konko and Mr. Pronin were considered employees while working for Aman Expedite." Dkt. No. 74 at 12; Dkt. No. 99 at 9 ("Defendants do not dispute for purposes of this motion [] that the availability of coverage turns on the question of whether Mr. Pronin or Mr. Konko were 'employees' of Aman Expedite.").

The parties further agree that this question must be answered via application of the "right to control" test articulated in the Restatement (Second) of Agency § 220(2) and

adopted by Washington courts as the test for distinguishing between employees and independent contractors. The Washington Supreme Court expressed the right to control test as:

> A servant or employee may be defined as a person employed to perform services in the affairs of another under an express or implied agreement, and who with respect to his physical conduct in the performance of the service is subject to the other's control or right of control.
>
> An independent contractor, on the other hand, may be generally defined as one who contractually undertakes to perform services for another, but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in performing the services.

*Hollingbery v. Dunn*, 411 P.2d 431, 435 (Wash. 1966) (internal citations omitted). The right to control test is "[t]he bedrock principle" on which such relationships are analyzed under Washington law. *Dolan v. King County*, 258 P.3d 20, 28 (Wash. 2011). Several factors are relevant to this determination, including but not limited to: (1) the extent of control the employer may exercise over the details of the work; (2) whether the worker is engaged in a distinct occupation or business, (3) the skill required for the occupation; (4) whether the employer or worker supplies the tools necessary for the job; (5) the length of employment; and (6) whether the parties believe they are creating an employer/employee relationship. *Hollingbery*, 411 P.2d at 435

United Financial argues that this Court can determine as a matter of law that Mr. Konko and Mr. Pronin were employees of Aman Expedite at the time of the accident because the men only worked for Aman Expedite, drove a truck owned by Aman Expedite, and did not have the ability to choose between assignments Aman Expedite assigned to them. In addition, United Financial alleges that Aman Expedite determined what freight would be transported, where it would be transported, and when it would be

transported. The insurer also claims that Aman Expedite trained Mr. Konko and Mr. Pronin as well as required them to submit to drug tests. United Financial alleges that the foregoing demonstrates that Aman Expedite exercised sufficient control over Mr. Konko and Mr. Pronin for this Court to find that they were the company's employees.

Defendants counter that summary judgment must be denied because a genuine issue of material fact exists as to the nature of the relationship between Aman Expedite, Mr. Konko, and Mr. Pronin. As an initial matter, Defendants argue that neither Mr. Konko nor Mr. Pronin had a relationship—whatsoever—with Aman Expedite. Rather, Defendants claim that each was in independent contractor of Malik Trucks, as evidenced by the written independent contractor agreements between the men and Malik Trucks. Moreover, Defendant argues, under those agreements, Mr. Konko and Mr. Pronin were free to work for other companies, could determine how little or how much they wanted to work, whether they wanted to accept an assignment, and had control over what route and schedule they drove if they did accept an assignment. Defendants further allege that "[o]nce the drivers were provided with the freight information, they performed the work without supervision; neither Malik Trucks, Aman Expedite, nor Mr. Kossunov oversaw or supervised their daily work." Dkt. No 99 at 13. Defendants also dispute that Aman Expedite ever provided Mr. Konko or Mr. Pronin with formal training.

The Court concludes that a genuine issue of material fact exists as to whether Mr. Konko and/or Mr. Pronin were employees of Aman Expedite at the time of the accident. United Financial relies on the recorded statements that Mr. Konko and Mr. Kossunov gave shortly after the accident to establish that Aman Expedite exercised the requisite control over Mr. Konko and Mr. Pronin to establish an employer/employee relationship

with them. However, the Court has reviewed the statements and finds that each gentleman struggled with understanding the insurer's questions because English is not their native language. Their answers are frequently confused and, indeed, Mr. Kossunov twice states that his "English is not good." Dkt. No. 75, Exs. A & E. Moreover, Mr Kossunov's statement regarding whether Mr. Konko and/or Mr. Pronin worked for Aman Expedite is ambiguous at best. During the interview, the insurance agent did not ask whether the men worked for Aman Expedite; rather, she asked whether they worked for Mr. Kossunov and he replied that they had worked for him for approximately two months. Defendants allege that Mr. Kossunov owns both Aman Expedite and Malik Trucks, so stating that the men were employed by him does not establish that they were employed by Aman Expedite; they could just as easily have been employed by Malik Trucks, which of course is what Defendants allege. *See* Dkt. No. 75, Ex. A p. 2:31-38 ("Q: 2020? Ok. Ok, and it looks like the driver, we have is Vitalii, uh, Konko is that correct? A: Correct. Yes. Q: All right. How long has he been employed by you? A: Around two months."); Ex. E p. 4:34-5:41 ("Q: OK. And, um you employed, um, several drivers, from what I understand. One of them being Dimitri Pronin. A: Yes, correct. Q: OK. So Pronin had worked for you for how long? A: Uh, I don't remember exactly but it was like, um, like two months, around two months."). In addition, in his second interview, Mr. Kossunov clarifies that the two men are employed as independent contractors. Ex. E p. 4:119-122 ("Q: OK. Very good. All right, so what, what do you have? Do you have an application or do you have a contract with them? How does that work? A: I have a, yeah, I have, uh, individual, an independent contractor agreement with him.").

Defendants have also produced copies of the written independent contractor agreements between Mr. Konko and Mr. Pronin and Malik Trucks, and the agreements clarify that, as independent contractors, the men have "the right to determine the method, details, and means of performing" their service for Malik Trucks. This, of course, argues against Malik Trucks, let alone Aman Expedite, having the requisite control over Mr. Konko and/or Mr. Pronin to establish an employer/employee relationship. Dkt. No. 100, Exs. A and B at 1.3.1. Thus, this Court concludes that a genuine issue of material fact exists regarding the employment status of Mr. Konko and Mr. Pronin at the time of the accident and summary judgment must be denied.[1]

## V. CONCLUSION

For the foregoing reasons, the Court HEREY DENIES United Financial's motion for summary judgment.

Dated this 25th day of July, 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] In response to the Defendants' opposition, United Financial offers only a cursory argument that Defendants failed to create an issue of material fact and instead argues that Defendants' opposition includes "many details and facts that [United Financial] has been attempting to uncover for over two years." Dkt. No. 117 at 7. United Financial now claims that Mr. Kossunov's "failure to cooperate" with its information requests has "clearly prejudiced" United Financial and it "reserves the right to move for Summary Judgment based on Mr. Kossonuv's failure to comply with the duties and obligations as set forth in the [] Policy issued to Aman Expedite." *Id*. at 7-8. United Financial's allegations may be the subject of another motion at a later date, but they are not properly before the Court at this point.