**HON. BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMAN EXPEDITE, LLC; VITALI KONKO; the ESTATE OF DMYTRO PRONIN; MALIK TRUCKS LLC; and MALIK KOSSUNOV<br><br>Defendants,<br><br>AND<br><br>CHAD HORNER, as Administrator of the Estate of Dmytro Pronin,<br><br>Crossclaim & Third-Party Plaintiff,<br><br>v.<br><br>AMAN EXPEDITE LLC; and VITALII KONKO,<br><br>Crossclaim Defendants,<br><br>AND<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC; SELECTRANSPORTATION RESOURCES (D/B/A HOUSTON FREIGHTLINER); PITREMODELING INC; RALF AND TRANSPORTATION INC; PETRO FEDELESH; MALIK TRUCKS LLC; MALIK KOSSUNOV; and FORCE TRANS, INC.,<br><br>Third-Party Defendants. | NO. 2:23-cv-00587-BJR<br><br>**ORDER GRANTING THIRD-PARTY PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** |

1

**I.    INTRODUCTION**

This action arises from the death of Dmytro Pronin, who was killed in a traffic accident involving two Freightliner vehicles in October 2022. Presently before the Court is a motion to dismiss without prejudice pursuant to 28 U.S.C. § 1367, filed by Third-Party Plaintiff Chad Horner in his capacity as Administrator of the Estate of Dmytro Pronin ("the Estate"). Dkt. No. 198. The Estate seeks dismissal on the ground that diversity jurisdiction no longer exists following the voluntary dismissal of Plaintiff United Financial Casualty Company ("United Financial"). Third-Party Defendants Daimler Trucks North America, LLC ("DTNA") and Houston Freightliner ("Houston") oppose the motion and request that the Court retain supplemental jurisdiction over the Estate's state-law claims.[1] Dkt. Nos. 203, 204. Having considered the motion, the oppositions, the reply, the record, and the applicable legal authority, the Court grants the motion for the reasons set forth below.

**II.    FACTUAL BACKGROUND**

United Financial commenced this action in April 2023 against Aman Expedite, LLC, Vitali Konko, and the Estate, seeking declaratory relief on insurance coverage disputes arising from the motor vehicle accident. United Financial is a citizen of Ohio, Aman Expedite, LLC is a citizen of Washington, and Mr. Konko and the Estate[2] are citizens of Ukraine. Therefore, this Court had original jurisdiction over the matter based on complete diversity under 28 U.S.C. § 1332(a). Dkt. No. 1 at ¶ 3.1. Service on the

---

[1] Crossclaim Defendants Aman Expedite and Vitalii Konko and Third-Party Defendants Malik Kossunov and Malik Trucks, LLC ("the Aman Defendants") join DTNA's and Houston's oppositions to the motion. Dkt. No. 205.

[2] Mr. Pronin was a citizen of Ukraine therefore Mr. Horner is considered a citizen of Ukraine. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

Estate was completed via publication and the Estate, acting through its administrator, entered a notice of appearance in August 2023. Dkt. Nos. 18, 21. Thereafter, in September 2023, the Estate responded to the complaint and asserted third-party and crossclaims against multiple defendants, including DTNA, Houston, and the Aman Defendants, seeking joint and several liability against them for damages arising from the accident. Dkt. No. 64. The Estate's claims sound exclusively in state law and include tort and product-liability theories under Washington law. *Id*.

In July 2024, United Financial and the Aman Defendants requested that this Court bifurcate the insurance coverage claims from the Estate's state-law crossclaims and third-party liability claims. Dkt. No. 131 at 13. The Estate objected to the request, but DTNA and Houston did not. *Id*.  In August 2024, this Court granted the request and bifurcated the coverage action from the Estate's state-law-only liability claims. Dkt. No. 141.

Thereafter, DTNA and Houston filed multiple motions to dismiss the Estate's claims. Dkt. Nos. 120, 121, 150, 153. The Court granted the first set of motions to dismiss, with leave to amend, but ultimately denied the second round of motions to dismiss. Dkt. Nos. 142, 148, 163, 164, 170, 171. During this period, discovery on the Estate's claims was stayed or substantially delayed.

In October 2025, the parties filed a stipulated motion that United Financial's declaratory judgment claim should be dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which this Court granted on October 28, 2025. Dkt. No. 197. The Estate asserts that now that the coverage dispute has been settled and dismissed (and, therefore, United Financial dismissed from this case), complete diversity no longer exists. With the instant motion, the Estate moves this Court to dismiss the matter without prejudice so that

it can be refiled in state court. DTNA and Houston do not dispute that diversity jurisdiction no longer exists in this case, but they urge this Court to continue to exercise supplemental jurisdiction over the remaining state law claims.

### III.    LEGAL STANDARD

Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over a civil action, the district court also has "supplement jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, if the district court "has dismissed all claims over which it has original jurisdiction" the district court "may decline to exercise supplemental jurisdiction. *Id.* § 1367(c)(3); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2024) (stating that in these circumstances "federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir.1994) (alteration in original) (internal quotations omitted); *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991) ("Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed.").

## IV.    DISCUSSION

Although this Court previously exercised original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship, diversity jurisdiction no longer exists following the dismissal of United Financial from this action. The remaining parties include the Estate, which is a citizen of Ukraine, and a group of defendants that includes at least one Ukrainian citizen, Mr. Konko. Diversity jurisdiction is unavailable where a foreign citizen appears on both sides of the litigation. *See, e.g.*, *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) *cert. denied*, 464 U.S. 1017 (1983)) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants."). Accordingly, the Court must determine whether to continue exercising supplemental jurisdiction over the remaining claims, all of which arise under state law. For the reasons set forth below, the Court declines to exercise supplemental jurisdiction and dismisses the action without prejudice.

As an initial matter, this Court notes that it already bifurcated the only claim conferring original federal jurisdiction—the insurance coverage claim—from the Estate's state-law liability claims pursuant to Rule 42(b). Supplemental jurisdiction requires that the state-law claims share a common nucleus of operative fact with the claim conferring original jurisdiction and together form part of the same constitutional case or controversy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Royal Canin*, 604 U.S. at 31. A state-law claim forms part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims such that the claims would ordinarily be tried together. *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust*

*v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotations and citations omitted). The Court's prior bifurcation order necessarily reflected a determination that the coverage claims and the Estate's liability claims were sufficiently distinct to warrant separate adjudication. That determination underscores the attenuated relationship between the Estate's remaining claims and any basis for original jurisdiction and weighs strongly against the exercise of supplemental jurisdiction under § 1367.

Next, the Court concludes that the factors this Court must consider in determining whether to exercise supplemental jurisdiction—judicial economy, convenience, fairness, and comity—weigh in favor of declining to exercise supplemental jurisdiction. *See Gibbs*, 383 U.S. at 726.

### A.    Judicial Economy

DTNA and Houston argue that the length of time this case has been pending supports retention of jurisdiction. That argument misstates the governing inquiry. The Ninth Circuit has made clear that judicial economy turns not on the mere passage of time, but on whether the federal court has expended substantial resources resolving the merits of the state-law claims. *See e.g. Schneider v. TRW, Inc.*, 938 F.2d 986, 994-95 (9th Cir. 1991). The Court has carefully considered the procedural history of this case and concluded that it has not expended substantial judicial resources adjudicating the merits of the Estate's state-law claims. There have been no motions for summary judgment, no expert disclosures, no *Daubert* motions, and no trial-directed proceedings. Discovery has only begun, and DTNA and Houston (or any other defendant in this matter) have conducted little, if any, merits discovery. Indeed, much of the elapsed time in this case

resulted from requested stays, rather than adjudication of the underlying state-law claims. Dismissal at this stage will not result in duplication of judicial effort or waste of judicial resources. Accordingly, this Court concludes that judicial economy weighs strongly in favor of declining jurisdiction.

### B. Convenience and Fairness

DTNA and Houston argue that fairness favors retention because the Estate initially brought its claims in federal court. The Court disagrees. Fairness must be evaluated based on the circumstances existing at the time the Estate asserted its claims, not in hindsight after the jurisdiction-conferring claim was later dismissed or bifurcated. At the time the Estate brought its claims, diversity jurisdiction existed through the coverage action, and the Estate faced legitimate concerns regarding joint and several liability and the risk of inconsistent factual determinations. Following bifurcation and dismissal of the coverage claims, the jurisdictional landscape materially changed. Under these circumstances, dismissal does not unfairly prejudice any party. The limited discovery that has already been completed may be used in state court, and the case has not progressed to a point where restarting proceedings would impose undue burden or expense. Convenience and fairness therefore favor dismissal.

### C. Comity

Comity strongly favors allowing Washington courts to adjudicate the remaining state-law claims. Supreme Court precedent establishes a strong presumption that purely state-law claims should be resolved by state courts once federal claims are eliminated. *See e.g. Carnegie–Mellon*, 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Royal Canin*, 604 U.S. at 31-32 (noting that once all federal law claims are eliminated from a lawsuit "federal law is not where the action is" and the district court "ordinarily should" decline to exercise supplemental jurisdiction).

This action involves multi-party tort claims arising exclusively under Washington law, including product liability, negligence, and vicarious liability. DTNA and Houston offer only conclusory assertions that these issues are "well settled," which does not overcome the strong comity interest favoring state-court adjudication. Consistent with Supreme Court guidance, the Court recognizes a strong presumption favoring dismissal that may be overcome only by compelling countervailing considerations. No such considerations are present here.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Estate's motion to dismiss this action pursuant to 28 U.S.C. § 1367. Dkt. No. 198. This matter is HEREBY DISMISSED without prejudice.

Dated this 28th day of January 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge